IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60447
Summary Calendar
_____


MATTIE B. POLK; TERRENCE POLK; MERLINDA POLK,

                                        Plaintiffs-Appellants,

versus

ANTHONY FARESE, Attorney at Law; MARY JANE LEMON,
Special Assistant Attorney General, State of Mississippi;
STATE OF MISSISSIPPI,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:96-CV-131 SAA
- - - - - - - - - -
May 13, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mattie B. Polk and her son and daughter-in-law Terrence and Merlinda Polk ("the Polks") appeal the district court's grant of summary judgment in favor of the defendants in their civil rights action, filed pro se pursuant to 42 U.S.C. § 1983. The Polks sued private attorney Anthony Farese, Assistant Attorney General Mary Jane Lemon, and the State of Mississippi, alleging that the defendants had violated their constitutional rights in taking

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various property in a civil forfeiture proceeding.

We review the district court's grant of summary judgment <u>de novo</u>. <u>Guillory v. Domtar Industries, Inc.</u>, 95 F.3d 1320, 1326 (5th Cir. 1996). For the same reasons given by the magistrate judge, the defendant Lemon is entitled summary judgment based upon absolute prosecutorial immunity and qualified immunity. <u>See</u> <u>Polk v. Farese</u>, No. 3:96-CV-131-A (N.D. Miss. June 10, 1997); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); <u>Alexander v. Ieyoub</u>, No. 92-4278 (5th Cir. July 2, 1993) (slip op.); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 819 (1982).

Also for the reasons given by the magistrate judge, private attorney Farese is entitled to summary judgment because the Polks failed to demonstrate that he acted under "color of state law." See <u>Polk</u>, <u>supra</u>; <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994).

The magistrate judge correctly determined that the State of Mississippi was entitled to absolute immunity under the Eleventh Amendment. <u>Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993).

The magistrate judge did not abuse his discretion in declining to enter a default judgment against defendants Lemon and the State. See <u>Ganther v. Ingle</u>, 75 F.3d 207, 212 (5th Cir. 1996).

AFFIRMED.